# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                             Case No. 12-C-1051
                                                 (Criminal Case No. 05-Cr-240)

**TIMOTHY VALLEJO,**

        **Movant.**

# DECISION AND ORDER

        Pro se movant Timothy Vallejo ("Vallejo"), has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He also states that, in "the near future" he will be filing a memorandum in support of his motion. Relying on the Supreme Court's June 25, 2012, decision in *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455 (2012), holding that the Eighth Amendment prohibits mandatory life sentences for juvenile murderers, Vallejo asserts that his conviction and sentence must be vacated.

        Vallejo's motion is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A district court may dismiss a § 2255 motion without holding a hearing or requiring the government to respond if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Gallo-Vasquez v. United States*, 402 F.3d 793, 797 (7th Cir. 2005) (quoting 28 U.S.C. § 2255 ¶ 2.) "If it plainly appears from the face of the motion, any annexed

exhibits, and the record of prior proceedings that the moving party is not entitled to relief in the district court, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings. *See also, Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006).

Section 2255 of Title 28 of the United States Code authorizes a federal prisoner to ask the court that sentenced him to vacate, set aside, or correct his sentence, if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law."

At this juncture, the Court cannot determine that Vallejo is not entitled to relief based on his Eighth Amendment claim. Therefore, the Court will require the Plaintiff, United States of America, to file an answer to Vallejo's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. The answer must conform to the requirements of Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

On or before **December 19, 2012,** the Plaintiff, United States of America **MUST FILE** an answer to Vallejo's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence;

2

The answer **MUST** conform to the requirements of Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts; and,

Vallejo may file a reply thereto **on or before January 22, 2013.**

Vallejo should retain a personal copy of the documents he files in this matter and those served upon him by the Plaintiff and this Court.

Vallejo must notify the Clerk of Court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting his legal rights.

Dated at Milwaukee, Wisconsin this 19th day of October, 2012.

BY THE COURT

_____
**Hon. Rudolph T. Randa**
**U.S. District Judge**

3

Case 2:12-cv-01051-LA   Filed 10/19/12   Page 3 of 3   Document 2