# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

        Plaintiff,

   **v.**
                            **Case No. 12-C-1051**
                            **(Criminal Case No. 05-Cr-240)**

**TIMOTHY VALLEJO,**

        Movant,

---

# DECISION AND ORDER

---

The Movant, Timothy Vallejo ("Vallejo"), was sentenced to life in prison by this Court on January 26, 2010, after Vallejo pleaded guilty to a RICO conspiracy in violation of 18 U.S.C. §§ 1961 and 1962(d) along with other defendants. (ECF Nos. 1194, 1732.) Vallejo challenges this disposition by way of 28 U.S.C. § 2255, arguing that said sentence is a violation of the Eighth Amendment to the United States Constitution and *Miller v. Alabama,* 132 S. Ct. 2455, 2469 (2012), which held that mandatory life sentences without parole administered to those under the age of 18 violate that Amendment.

*Miller* applies if a movant was (1) younger than eighteen years old at the time of the crimes, which Vallejo was; and (2) subject to a mandatory sentence of life in prison without the possibility of parole, which can be determined as a matter of law by reference to legal documents such as statutes, sentencing guidelines, and court

documents.  *See Evans-Garcia v. United States,* 744 F.3d 235, 240 (1st Cir. 2014) (citing *Miller,* 132 S. Ct. at 2469).

Vallejo concedes that a non-mandatory life sentence passes constitutional scrutiny but argues that because this Court was required to give him a life sentence, it was indeed mandatory and therefore does not pass constitutional muster.  Vallejo was convicted of violating 18 U.S.C. §§ 1961 and 1962(d).  A RICO count contains its own unique sentencing structure, in that it allows the court to impose a maximum sentence of 20 years which can be increased if the underlying predicate act carries a maximum sentence that is longer.  Because, argues Vallejo, his predicate act was first degree murder — which requires a sentence of life, this Court was required to impose a life sentence and, therefore, violated *Miller.*

The Court disagrees. Under the scheme of sentencing presented by these provisions the Court has the discretion, after analysis of the appropriate sentencing factors, to sentence a juvenile defendant anywhere along the sentencing scale up to life.  It was not required to impose a life sentence.  The RICO statutory formula treats a first degree intentional murder predicate act as a guide for determining what a maximum sentence could be under RICO law, given that predicate act.  The RICO statute is not 18 U.S.C. § 1111.  They are separate offenses containing different elements. RICO merely incorporates 18 U.S.C. § 1111 to establish a high-end range of sentence for a RICO charge.  The Court has the discretion to sentence a defendant anywhere in that range.  It did so with Vallejo. It was not required to impose the

sentence that it did, and therefore Vallejo's motion must be denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Vallejo's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED**;

This action is **DISMISSED**.

The Clerk of Court is **DIRECTED TO ENTER JUDGMENT** accordingly; and

The Court declines to issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2014.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**